The Employment Law Firm
Cynthia L. Pollick, LLM                                                     Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER BIRD | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF MOOSIC, | : | DOCKET NO: 18-2289 |
| RICHARD JANESKO, Individually, | : | |
| | : | (Judge Saparito) |
| Defendants | : | |

## AMENDED COMPLAINT[1]

NOW comes the Plaintiff, HEATHER BIRD, by her attorney, Cynthia L. Pollick, Esquire, and files the following Amended Complaint against Defendants and avers as follows:

## PARTIES

1.  Plaintiff, HEATHER BIRD, is a part-time police officer for the Defendant BOROUGH OF MOOSIC. She resides in Lackawanna County.

2.  Defendant, BOROUGH OF MOOSIC, has a principal office located at 715 Main Street, Moosic Pennsylvania 18507.

---

[1] Pursuant to the Amended Case Management Order, Plaintiff had until June 30, 2019 to amend her Complaint. (Doc. No. 24).

1

3. Defendant, RICHARD JANESKO is the Police Chief of BOROUGH OF MOOSIC, and has a principal office located at 715 Main Street, Moosic Pennsylvania 18507.

4. At all times in question, Defendants were acting under color of state law when they engaged in official policy, custom, and decisions to deprive Plaintiff's First Amendment rights of free speech.

5. Defendant, BOROUGH OF MOOSIC, failed to train its officials to not to retaliation against citizens when they engaged in free speech.

6. Defendant, BOROUGH OF MOOSIC, acquiesced in all actions taken by its public officials and personnel.

**JURSIDICTION**

7. This action is brought and jurisdiction lies pursuant to 42 U.S.C. § 1983 for constitutional violations of Plaintiff's rights pursuant to the First Amendments right of free speech. 28 U.S.C. § 1331.  Plaintiff also asserts state claims for which there is supplemental jurisdiction. 28 USCS § 1367.

**COUNT I**
**FIRST AMENDMENT VIOLATION**
**PLAINTIFF v. DEFENDANTS**

8. Plaintiff hereby incorporates by reference paragraphs one (1) through seven (7) as if set forth herein at length.

9. In 2004, Plaintiff was hired as a part-time Police Officer for the BOROUGH OF MOOSIC. She has been working as a part-time Police Officer for over 14 years.

10. On or about June 13, 2018, Defendant BOROUGH OF MOOSIC illegally hired three (3) full-time male employees in violation of the Civil Service Commission rules and regulations.

11. Defendant BOROUGH OF MOOSIC did not provide any notice of the open positions.

12. Defendant BOROUGH OF MOOSIC did not use the Civil Service Commission in the hiring of these three (3) full-time male officers.

13. No Civil Service Commission test was ever given for the full-time positions that were filled.

14. On or about June 14, 2018, Plaintiff spoke out about the illegal hiring and preferential treatment for males to the Police Chief.

15. In direct retaliation for speaking out on the illegal misconduct, Plaintiff's hours have been reduced and she has not been assigned special duty shifts while other newly hired male part-time Police Officers have been given such assignments.  This has cost her a loss of pay.

16. Plaintiff also has been subjected to her male co-workers yelling at her and refusing to provide backup on police calls.

17. Plaintiff has no official duty to report official misconduct.[2]

18. Plaintiff was acting as a citizen when she reported the official misconduct of Borough officials.

19. Plaintiff's job duties as a municipal Police Officer is to enforce the criminal and vehicle code of Pennsylvania not report official misconduct.

20. Plaintiff's free speech is a matter of public concern.

21. Plaintiff was speaking as a citizen when she protested the illegal hiring.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including lost wages, compensatory damages, emotional distress, punitive damages against Individual Defendant only, attorney fees and costs, pre- and post- interest, delay damages.

<u>**COUNT II**</u>
**RETALIATION FOR FILING THIS COMPLAINT**
**PLAINTIFF V. DEFENDANTS**

22. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-one (21) as if set forth herein at length.

23. Plaintiff has no official duty to file this lawsuit.

---

[2] This district has held that exposing corruption is protected and a matter of public concern. *Keslosky v. Borough of Old Forge*, 2009 U.S. Dist. LEXIS 78212 (Judge Munley); *Feldman v. Philadelphia Hous. Auth.*, 43 F.3d 823 (3d Cir. Pa. 1994).

24. Plaintiff filed this lawsuit as a citizen on or about 11/29/2018.

25. Plaintiff's lawsuit focuses on a matter of public concern since it dealt with the official malfeasance of Borough Council in illegally hiring three (3) male employees without any notice to the public or posting and in violation of their own Civil Service Commission Regulations.

26. Plaintiff's lawsuit was published in the local newspaper, which supports that this lawsuit is a matter of public concern. https://www.thetimes-tribune.com/news/female-police-officer-denied-position-sues-moosic-1.2419252

27. Plaintiff has been retaliated against for filing this action by not being scheduled for shifts, and specifically not getting the higher paying extra duty shifts.

28. Plaintiff has suffered a loss of pay because of Defendant Chief Janesko not scheduling her for shifts.

29. In or around May 2019, Plaintiff was specifically requested to participate in the District Attorney's DUI enforcement by Lackawanna Detective Michelle Mancuso.

30. Instead of allowing Plaintiff to participate, Defendant Chief Janesko denied her to do the same in retaliation for filing this lawsuit.

31. In or around April/May 2019, Plaintiff requested to attend a CTI (crisis training).

32. Again, instead of allowing Plaintiff to participate in the training, Defendant Chief Janesko denied her while allowing her male co-workers to attend training.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to compensatory damages, punitive damages against Individual Defendant only, attorney fees and costs, pre- and post-interest, delay damages and emotional distress, and any other relief that a jury finds fit.

### COUNT III
### VIOLATION OF THE CIVIL SERVICE RULES/VIOLATION OF PUBLIC POLICY/QUO WARRANTO
### PLAINTIFF V. DEFENDANT BOROUGH OF MOOSIC

33. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-two (32) as if set forth herein at length.

34. "Of course, civil service regulations have long been treated as having the force of law, Act of June 25, 1919, P.L. 581, *as amended*, 53 P.S. § 12633. The record does not indicate, nor does the city's brief contend, that the city has repealed or amended the above-quoted civil service regulations. They

remain in force." *Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 574 A.2d 123, 125 (Pa. Commw. 1990).

35. Here, Defendant Borough of Moosic has Civil Service Rules for the selection of full-time Police Officers, but yet failed to follow the same when they hired three (3) full-time Police Officers at the June 13, 2018 Borough Council meeting.

36. The full-time hiring of Police Officer Thomas McGovern, Jason Jerecki and Jason O'Hara were illegal hirings and they should be removed from their positions as full-time Police Officers.

37. There is no question that Defendant Borough of Moosic was required to follow the law and select full-time officers pursuant to their Civil Service Regulations.

38. Plaintiff was denied the opportunity to be selected as a full-time Police Officer

39. In violation of the law, Plaintiff was denied a full-time Police Officer position.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to removal of the illegal full-time hirings, compensatory damages, attorney fees and costs, pre- and post- interest, delay damages and emotional distress, and any other relief that a jury finds fit.

As to all counts a jury trial is demanded.

>By: s/ Cynthia L. Pollick
>Cynthia L. Pollick, Esquire, LLM
>Pa. I.D. No.: 83826
>363 Laurel Street
>Pittston, PA 18640
>(570) 654-9675
>pollick@lawyer.com

## **CERTIFICATE OF SERVICE**

Cynthia L Pollick, Esquire, hereby certifies that on June 27, 2019, she served a copy of Plaintiff's Amended Complaint by serving a copy via electronically on Defendants' counsel:

>Patrick J. Boland III, Esquire
>Mark J. Kozlowski, Esquire
>Marshall Dennehey Warner Coleman & Goggin
>P.O. Box 3118
>Scranton, PA 18505-3118
>
>>s/ Cynthia L. Pollick
>>Cynthia L Pollick, Esquire