# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER BIRD,

     Plaintiff,

     v.

BOROUGH OF MOOSIC, et al.,

     Defendants.

CIVIL ACTION NO. 3:18-cv02289

(SAPORITO, M.J.)

FILED
WILKES BARRE
DEC 15 2020
PER M‍‌
DEPUTY CLERK

## MEMORANDUM

On March 17, 2020, the plaintiff filed her comprehensive second amended complaint in this action. (Doc. 63.) The defendants then moved to strike or dismiss the second amended complaint. On November 24, 2020, we entered a memorandum opinion and order granting the defendants' motion in part and denying it in part. (Doc. 83; Doc. 84.)

Specifically, we denied the defendants' motion to the extent it sought to strike the second amended complaint, we granted it to the extent it sought to dismiss the plaintiff's municipal liability claims against the Borough *based on a failure to train theory*, we granted it to the extent it sought to dismiss the plaintiff's *quo warranto* claims against the Borough, and we *denied* the motion to the extent it sought to dismiss the plaintiff's municipal liability claims against the Borough *based on a*

*ratification theory*—i.e., that the borough mayor ratified the allegedly retaliatory conduct of his subordinate, the borough police chief. (*See* Doc. 83, at 17; Doc. 84.) In our order, we directed the defendants to file an answer to the second amended complaint within 14 days, as provided by Rule 12(a)(4) of the Federal Rules of Civil Procedure. (Doc. 84.)

Fourteen days later, on December 8, 2020, the defendants timely filed their answer to the second amended complaint. (Doc. 91.) With respect to Counts I and II, however, the defendants incorrectly stated in their answer that these Counts had been dismissed *in their entirety* as against the Borough. (Doc. 91 ¶¶ 17–39.) In doing so, the Borough has failed to admit or deny the facts alleged in these paragraphs of the second amended complaint. The apparently unintended effect of this failure is to *admit* the facts alleged by the plaintiff in these paragraphs of the second amended complaint with respect to her municipal liability claim against the Borough based on a ratification theory. *See* Fed. R. Civ. P. 8(b)(6).

On December 13, 2020, the plaintiff filed a motion to strike the defendants' answer to the second amended complaint (Doc. 92) because it was untimely filed, and thus an "insufficient defense." *See* Fed. R. Civ. P. 12(f). As noted above, the defendants' answer was in fact *timely* filed,

pursuant to Rule 12(a)(4) and our Order of November 24, 2020. The plaintiff identifies no other basis upon which to strike the answer.

Accordingly, for the sake of clarity, we will enter an Amended Order superseding our Order of November 24, 2020, and denying the plaintiff's motion to strike.

An appropriate order follows.

Dated: December ___15___, 2020

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge