## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER BIRD,

      Plaintiff,

      v.

BOROUGH OF MOOSIC, et al.

      Defendants.

CIVIL ACTION NO. 3:18-cv-02289

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

Before the court are five motions *in limine* filed by the plaintiff, Heather Bird (Doc. 115; Doc. 122; Doc. 124; Doc. 126; Doc. 130)., and four motions *in limine* filed by the defendants, Borough of Moosic and Richard Janesko. (Doc. 133; Doc. 135; Doc. 137; Doc. 139). The motions are fully briefed, and argument thereon was held before the Court on February 16, 2022. At that argument leave was granted to allow the defendants to supplement their brief in opposition to the plaintiff's motion *in limine* to preclude the testimony of defense expert witness, Meredith Ann Dominick. The defendants' supplemental brief was timely filed on February 21, 2022. (Doc. 167). The plaintiff was given until February 24, 2022, within which to supplement her brief, but chose not to do so.

## I.    *Statement of Facts*

As we write for the parties, the court incorporates by reference the recitation of the facts set forth in our Memorandum dated September 27, 2021.  (Doc. 97).

## II.    *Legal Standards*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."  *United States v. Tartaglione*, 228 F.Supp. 3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases."  *In re Japanese Elec. Prods. Antitrust Litig*. 723 F. 2d 238, (3d Cir. 1983), rev'd on other grounds sub nom. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*. 475 U.S. 574 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds."  *Tartaglione*, 228 F. Supp 3D at 406.

Further, while motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."  *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D.

Pa. 2012).  Indeed, "motions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Heath Scis., Inc.* , 981 F.Supp. 2d 273, 276 (D. Del. 2013).  *See also, Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008) ("Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules.").  Moreover, "pretrial Rule 403 exclusions should rarely be granted . . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of the trial." *Ohler v. United States*, 529 U.S. 753, 758

n.3 (2000).

## III. *Discussion*

### A. The plaintiff's motions in limine

#### 1. To preclude testimony of Meredith Ann Dominick and her expert report

Here, the plaintiff seeks preclude the testimony of defense expert witness, Meredith Ann Dominick, because she asserts that the testimony is layman's testimony disguised as expert testimony. (Doc. 115).  In their witness list (Doc. 119), the defendants have listed Meredith Ann Dominick as a defense expert witness.  In her motion *in limine*, the plaintiff has attached Ms. Dominick's report dated March 31, 2020. (Doc. 121-1).  At the *Daubert* hearing held on February 16, 2022, Ms. Dominick testified.  Apparently, Ms. Dominick is purportedly an expert in police administration who has opined that, upon review of the information and documents provided to her, she found no evidence of discrimination based upon gender or seniority status.  She further opined that she found no evidence of hostile work environment or retaliation for the plaintiff filing her initial claim.  The curriculum vitae of Ms. Dominick is attached to the defendants' brief in opposition to the motion.  (Doc. 152-1).

Rule 702 of the Federal Rules of Evidence provides that "a witness

4

qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Courts have described the function of the district court in determining whether to admit expert testimony as a "gatekeeping" one. The trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Thus,

> [t]he objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field.

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

At the hearing, Ms. Dominick testified that she did not employ any scientific or technological means to reach the conclusions contained in her report. Rather, she simply calculated the plaintiff's hours worked for the years in question by reviewing the calendars and timecards, and

concluded that, in her opinion, within a reasonable degree of police administration certainty, she did "not see nor [could she] find where the Plaintiff, Heather Bird, was discriminated against by the Borough of Moosic or the Moosic Borough Police Department based on her gender . . . or by seniority." (Doc. 121-1, at 7). These issues are for the jury to determine. Further, Ms. Dominick admitted that she is not trained in human resource issues related to discriminatory or retaliatory practices, nor does she have any educational background or certifications in human resources. While she has had substantial involvement with local police departments in various capacities over several years, we find that the opinions expressed by her could be made by anyone who simply reviewed time records of the Moosic Borough Police Department. Also, it was learned during her testimony that Ms. Dominick was once previously admitted as an expert witness in a state court for a sexual assault charge. She was never admitted in any court as an expert in the field of police administration.

After Ms. Dominick's testimony, the court brought to counsel's attention the case of *Hogan v. City of Easton*, Civil Action No. 04-CV-00759, 2007 WL 4859769 (E.D. Pa. Apr. 16, 2007), which permitted an

expert witness to testify on administration of a police department of the approximate size of the City of Easton police department.   The defendants rely upon *Hogan* in their supplemental brief in opposition to the motion.   Nevertheless, *Hogan* is easily distinguishable from the facts of our case.   In *Hogan*, the expert testimony also involved the subjects of police practices in the areas of barricaded persons and use of force.   The proffered expert was permitted to testify in the factual context of deficiencies in the response to an incident by an Easton police officer which resulted in police gunfire giving rise to Hogan being wounded.   The proffered expert testified regarding the absence of necessary policies, procedures, and supervision within the police department and their effect on the department's culture, pattern, and practice.   Here, the plaintiff alleges she was discriminated against because of her gender and that she exercised her First Amendment rights.   She also asserts that she was retaliated against because she brought the complaint in this matter.

We are not persuaded that Ms. Dominick's testimony would aid the jury in deciding the issues before the court.   Therefore, we will grant the plaintiff's motion.

### 2. To preclude exhibits and testimony about plaintiff's lawsuits not the subject of the instant case

In this motion, the plaintiff seeks to preclude exhibits and testimony about plaintiff's lawsuits that are not the subject of this case.[1] (Doc. 122). Nevertheless, the plaintiff has not listed which specific lawsuits she seeks to preclude.   Under these circumstances, the court cannot adequately rule on this motion and therefore we will defer a ruling on this motion until the time of trial.

### 3. To preclude testimony of Dr. Barbara Ziv and her expert report

Here, the plaintiff seeks to preclude the testimony of a defense expert witness, Dr. Barbara Ziv, and her expert report.  (Doc. 124).  We previously ruled that a *Daubert* hearing was unnecessary.  (Doc. 157).  In this motion, the plaintiff asserts that Dr. Ziv's testimony is unreliable as it is not based on any psychological testing.  Further, the plaintiff argues that Dr. Ziv's report is not admissible because it fails to list her compensation for producing her report and providing testimony.

---

[1] This also includes the consolidated action filed to Docket No. 3:19-cv-01232 which this court previously consolidated by order dated August 12, 2019.  (Doc. 9).

In response, the defendants contend that Dr. Ziv is a psychiatrist, and she has been previously qualified as an expert witness in the field of forensic psychiatry in state courts in Pennsylvania, New Jersey, Delaware, California, Virginia, and New York, as well as several United States District Courts.  Further, they maintain that her education, training, practice, and experience fully qualify her as an expert witness under Fed. R. Civ. P. 702.  Upon review of her report, the court finds that Dr. Ziv has demonstrated a reliable methodology to arrive at her opinions rendered within reasonable medical certainty.  Her compensation package has been provided to plaintiff's counsel.  Therefore, this motion will be denied.

### 4. To preclude exhibits and testimony that are irrelevant and not within the scope of this litigation that started in 2018

Here, the plaintiff seeks to preclude exhibits and testimony that are irrelevant and not within the scope of this litigation that commenced in 2018.  (Doc. 126).  In support of this motion, the plaintiff has attached excerpts of her deposition (Doc. 126-2), whereby she was asked several questions regarding whether she made certain statements that (1) she would move out of the borough; (2) that if Assistant Chief Holland is

named chief, she would be moved up to full time; (3) that other part time officers better watch how they treat her or she will sue them; (4) that she was offered approximately $400,000 to settle this matter; (5) that she declined the settlement offer because she wants at least $1,000,000; and (6) that this lawsuit is not personal that its about the insurance company. In her support brief, the plaintiff does not argue whether these alleged statements are relevant to this case.  Rather, she argues the defendants "should be precluded from presenting any damaging information that is irrelevant just to paint a bad picture of Plaintiff."  (Doc. 129, at 3).  The incidents potentially include an undescribed incident at Turkey Hill and discipline issues that occurred before this suit was commenced.

In response, the defendants contend that F.R.E. 404(b) applies to admit "other acts" in the employment discrimination context for the proper purpose of establishing or negating discriminatory intent. Nevertheless, we are not presented with the context of any such testimony.  Therefore, we will defer ruling on this motion until the time of trial.

### 5. *To preclude exhibits and testimony about plaintiff being on workers compensation unless preapproved by the Court.*

Here, the plaintiff seeks to preclude exhibits and testimony about the plaintiff receiving worker's compensation benefits. (Doc. 130). The plaintiff argues that in 2019, she was injured on the job and has been off from her regular duties as a police officer for the Borough of Moosic and receives workers' compensation benefits. She contends that any mention of her workers' compensation status unless preapproved by the court, would be prejudicial in that the jury may construe her status as being lazy.

At the argument, defense counsel indicated that he has no intention of cross-examining the plaintiff regarding her outstanding workers' compensation claims. He has also stated the same position in his brief in opposition to the motion. (Doc. 148, at 3). As the defendants point out, it would be premature to preclude all evidence regarding her workers' compensation claims as it is unknown what testimony the plaintiff will offer at trial concerning her current work status, her current income, and her current employment status. Therefore, the court will defer a ruling on this motion until the time of trial.

11

## B. The defendants' motions in limine

### 1. To preclude argument or evidence that the promotion of three (3) regular part time officers to full-time status in 2018 was "illegal" or improper

The defendants seek to preclude argument by counsel or evidence through witnesses that that the promotion of the three regular part time officers to full time status in 2018 was "illegal" or improper. (Doc. 133). They contend that the promotions were not "illegal" or improper, but rather the result of a labor grievance and arbitration decision that required the Borough to eliminate its past practice of employing 32-hour per week police officers.  They further argue that allowing the plaintiff to cast the otherwise lawful promotions as "illegal" will serve to confuse or mislead the jury, and it will create a trial-within-a-trial scenario forcing them to defend Council's decision to promote the officers under the terms of the underlying arbitration decision.

The plaintiff asserts that her use of the word "illegal" by her is consistent with the dialogue she had with defendant Janesko on June 14, 2018, when she asked him about the Borough hiring the officers without a civil service process which she alleged was "illegal."  (Doc. 147, at 2). We will not preclude the plaintiff from testifying that she told Chief

12

Janesko that she alleged that the hiring of the male police officers was illegal as it constitutes the dialogue between the plaintiff and Janesko. Therefore, we will deny this motion.

### 2. *To preclude testimony from plaintiff's treating physicians*

Here, the defendants seek to preclude testimony from plaintiff's treating physicians, Dr. Edward Heffron and Dr. Cynthia Maritato, both of whom were listed on plaintiff's witness list, because they were not identified as expert witnesses and they did not author expert reports. (Doc. 135). The defendants further contend that the treating physicians may offer testimony about their diagnosis and treatment of the plaintiff but not about the cause of her injuries and her prognosis. In response, the plaintiff relies upon *Pease v. Lycoming Engines*, No. 4:10-CV-00843, 2012 WL 162551 (M.D. Pa. Jan. 19, 2012) contending that in *Pease*, Judge Conner, of this court, permitted a plaintiff's treating physician to testify to causation and not just diagnosis and treatment.

"The Federal Rules of Evidence do not distinguish between lay and expert witnesses, but 'rather between expert and lay testimony.' It is clear that in the Third Circuit treating physicians may testify as lay

13

witnesses    regarding    diagnosis    and    treatment    under    some circumstances. . . . [But] treating physicians' testimony on prognosis and causation will inherently be based on scientific, technical, or specialized knowledge within the scope of Rule 702 [of the Federal Rules of Evidence]." *Pease*, 2012 WL 162551, at *12 (citations and footnote omitted). Therefore, to the extent a party intends to offer the testimony of a treating physician on issues of prognosis or causation, the party is required to disclose the treating physician as an expert witness under Rule 26(a)(2)(A).

Rule 26(a)(2)(A) requires a party to disclose the identity of any witnesses it intends to use to present expert opinion evidence at trial. *See* Fed. R. Civ. P. 26(a)(2)(A). Generally, the time for these disclosures is prescribed in a case management order issued under Rule 16(b). *See* Fed. R. Civ. P. 26(a)(2) advisory committee note (1993). In the absence of a stipulation or court order to the contrary, expert disclosures must be made at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D).

The nature and content of this disclosure depends on whether the expert is a "retained" expert. An expert who is "retained or specially employed to provide expert testimony in the case" must prepare and sign

a detailed, often highly technical, written report. *See* Fed. R. Civ. P. 26(a)(2)(B). But an expert witness who is not "retained or specially employed to provide expert testimony" is not required to produce the detailed written report required by Rule 26(a)(2)(B); instead, the party is simply required to disclose "the subject matter on which the witness is expected to present [expert] evidence" *and* "a summary of the facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C); *see also Longo v. Hanger Prosthetics & Orthotics, Inc.*, Civil Action No. 3:12-cv-02445, 2015 WL 915479, at *2 (M.D. Pa. Mar. 3, 2015).

A treating physician is typically a "non-retained" expert subject to the less onerous disclosure requirements of Rule 26(a)(2)(C). *See Pease*, 2012 WL 162551, at *13 ("A treating physician is not necessarily retained or specially employed to provide expert testimony simply because he or she proffers on causation and prognosis. This conclusion is bolstered 'by the obvious fact that doctors may need to determine the cause of an injury in order to treat it.'"); *see also Longo*, 2015 WL 915479, at *3 (quoting *Pease*); Fed. R. Civ. P. 26(a)(2) advisory committee note (1993) ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."); Fed. R. Civ. P.

26(a)(2)(C) advisory committee note (2010) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony . . . . Frequent examples include physicians or other health care professionals . . . . The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."). "To determine whether a party retained or specially employed a treating physician to provide expert testimony, the relevant inquiry is 'whether the treating physician acquired his opinion as to the cause of the plaintiff's injuries directly through his treatment of the plaintiff.'" *Pease*, 2012 WL 162551, at *13 (quoting another source).

Our facts are distinguishable from the facts in *Pease*. As in *Pease,* we find that Ms. Bird's treating physicians had to be disclosed as experts pursuant to Fed. R. Civ. P. 26(a)(2). There, the court gave the plaintiff fourteen days to provide the defense with the subject matter of the treating physician's expert testimony and a summary of the facts and opinions to which the witnesses were expected to testify under Rule 26(a)(2)(C). The court also permitted the defendant to request additional medical records from Pease treating physicians and to depose them

within thirty days of the entry of the court's order.  Here, we do not have the luxury of the additional time within which to provide the required summary of testimony as well as to allow the defense to depose Ms. Bird's treating physicians.   Therefore, we will allow Ms. Bird's treating physicians to testify regarding their examination, diagnosis, and treatment of Ms. Bird.  In granting this motion, the plaintiff is precluded from eliciting any causation testimony from her treating physicians.

### 3. To preclude Dr. Heffron's psychological report on Heather Bird related to her employment

Here, the defendants seek to preclude Dr. Heffron's psychological report on Heather Bird related to her employment.  (Doc. 137).  Dr. Heffron's report is part of plaintiff's 2004 Commonwealth of Pennsylvania Municipal Police Officers' Education and Training Commission Psychological Examination.  The psychological examination was performed on February 13, 2004.  Dr. Heffron, a licensed psychologist authored his report as part of the plaintiff's original Act 235 Certification. The defendants argue that the report was irrelevant to this litigation and should be excluded from trial.   In addition, they contend that any testimony from Dr. Heffron is also irrelevant and inadmissible.

At the argument, plaintiff's counsel, argued that the Dr. Heffron's report and any potential testimony from him is relevant to show that, in 2004, the plaintiff had no documented psychological issues.  Further, the plaintiff asserts that by making Dr. Heffron's report part of a trial exhibit, the defendants have acknowledged its relevance.  Further, the plaintiff contends that Dr. Heffron's testimony and report can be used to contradict or illustrate problems if the conclusion reached by the defendant's expert, Dr. Barbara Ziv.

Generally, relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The court, however, may preclude relevant evidence from trial where it is "probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact."  *Holbrook v. Lykes Bros.*

*Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks and citation omitted).

Recognizing that this is a matter of relevance, it is premature to rule on this issue prior to trial. Therefore, we will defer our ruling on this matter.[2]

### 4. To preclude testimony from Father Carmen G. Bolock

Here, the defendants seek to preclude the testimony of Father Carmen G. Bolock on the basis that the proposed testimony (1) has no probative value to the plaintiff's claims; (2) is prejudicial; and (3) is cumulative. At the argument, it appears that the plaintiff intends to utilize Fr. Bolock to testify about the plaintiff's emotional distress. At this point, we will defer a ruling until the time of trial.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated:  February 25, 2022

---

[2] The court acknowledges the motion to quash filed by Dr. Heffron along with a brief in support thereof. (Doc. 169; Doc. 170). This issue may be resolved through resolution of Dr. Heffron's motion to quash.